# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* N.S.

No. 21-0861 (Mercer County 19-JA-69)

## MEMORANDUM DECISION

Petitioner Mother T.G., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's September 21, 2021, order terminating her parental, custodial, and guardianship rights to N.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), David B. Kelley, filed a response on the child's behalf in support of remanding the matter for appropriate findings. Respondent Father, C.S., by counsel Patricia Kinder Beavers, and respondent Stepmother M.S., by counsel Paige Flanigan, each filed responses in support of the circuit court's order. On appeal, petitioner argues that the circuit court failed to make the required statutory findings of fact and conclusions of law to support termination of her parental, custodial, and guardianship rights, in either the final dispositional order or on the record.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in failing to set forth sufficient findings of fact and conclusions of law by written order or on the record to support termination of petitioner's parental, custodial, and guardianship rights. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter for further proceedings consistent with this decision.

In May of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner abused controlled substances, failed to provide for the child's basic needs, exposed the child to drug abuse and drug trafficking, and kept the child in deplorable living conditions. The DHHR alleged that petitioner had a severe drug addiction, such that petitioner overdosed in public and in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

the child's presence. Further, petitioner admitted to abusing crack cocaine every day for the previous three months. The DHHR initiated a temporary protection plan to allow petitioner to seek drug treatment, but shortly thereafter, petitioner tested positive for tetrahydrocannabinol, methamphetamine, and cocaine. As a result of petitioner's positive drug screen, the DHHR filed the instant petition.

Petitioner stipulated to the allegations contained in the petition in July of 2019, and the circuit court adjudicated her as an abusing parent based upon her stipulation. Throughout the pendency of the case, the court granted petitioner a post-adjudicatory improvement period with multiple extensions, as well as a post-dispositional improvement period. By the final dispositional hearing in August of 2021, the matter had been pending for twenty-seven months. At the final hearing, petitioner did not appear, but counsel represented her. The circuit court heard testimony from a DHHR worker, petitioner's parenting and education service provider, and petitioner's visitation provider. Petitioner presented no evidence.

Ultimately, the circuit court terminated petitioner's parental rights and, in doing so, stated, "All right. Based upon the evidence that has been presented, the [c]ourt finds there is no reasonable likelihood that [petitioner] could complete a (sic) improvement period and therefore I'm terminating her custodial, guardianship and parental rights." The court made no further findings or conclusions of law on the record. The resultant dispositional order was similarly brief. After listing the witnesses, the court terminated petitioner's parental, custodial, and guardianship rights:

> Upon consideration of the matters presented and the arguments of counsel, this [c]ourt FINDS and concludes, in the best interest of the children that:
>
> The [c]ourt FINDS by clear and convincing evidence that there is no alternative but to terminate any and all rights including any parental, custodial, and guardianship rights of [petitioner] based on her failure to comply with the requirements of a reasonable Family Case Plan designed to lead to her child's return to her care, custody, and/or control.
>
> Therefore, the [c]ourt FINDS it is in the best interest of the child [N.S.], as there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future, and it is necessary for the welfare of the child[], to terminate any and all rights including any parental, custodial, and guardianship rights of [petitioner].

The circuit court entered this dispositional order that terminated petitioner's parental, custodial, and guardianship rights on September 21, 2021. Petitioner now appeals this order.[2]

The Court has previously held:

---

[2] The father successfully completed an improvement period, and the child has been reunified with him.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

As petitioner has correctly pinpointed on appeal, the circuit court failed to make adequate findings of fact and conclusions of law in writing or on the record to support its decision to terminate petitioner's parental, custodial, and guardianship rights. Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that

[a]t the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing or on the record, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604. The court shall enter a disposition order, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing.

West Virginia Code § 49-4-604(c) sets forth the various dispositions to be imposed at the conclusion of abuse and neglect proceedings. Relevant to petitioner's disposition, the circuit court found that "there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child as required by W. Va. Code § 49-4-604(c)(6). However, this Court has held that

"[w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code [§ 49-4-604(c)] on the record or in the order, the order is inadequate." Syl. Pt. 4, in part, *In re Edward B.,* 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 9, *In re Lilith H.*, 231 W. Va. 170, 744 S.E.2d 280 (2013). On appeal, M.S. states that this matter "was a complex case with various issues that arose during the proceedings," which concluded after twenty-sevens months. Despite the length and complexity of this case, the court failed to provide any factual findings to support its conclusion that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. Additionally, the court failed to make the other findings

3

required by statute to be made prior to the termination of a parent's parental rights, such as, but not limited to, the DHHR's reasonable efforts to reunify the family, the child's need for continuity of caretakers, and why reunification is not in the child's best interest. *See* W. Va. Code § 49-4-604(c)(6)(A) through (C).

Clearly, the required findings are absent from the circuit court's written order as well as the record. This Court has held that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.

Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). In *Edward B.*, we explained that "[c]lear and complete findings by the trial judge are essential to enable [the appellate court] properly to exercise and not exceed our powers of review." 210 W. Va. at 632, 558 S.E.2d at 631 (citation omitted). Due to the complete lack of factual findings, we find it necessary to vacate and remand the circuit court's final dispositional order for the limited purpose of entry of an order that contains sufficient findings of fact and conclusions of law for appellate review.

Accordingly, the circuit court's September 21, 2021, order, is hereby vacated and remanded for the limited purpose of entry of a new order consistent with this decision, Chapter 49 of the West Virginia Code, and the Rules of Procedure for Child Abuse and Neglect Proceedings.[3] The circuit court is directed to enter a new final order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded.

**ISSUED**: April 14, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

[3]This Court vacates the circuit court's dispositional order only as it relates to petitioner's parental, custodial, and guardianship rights to N.S. All other rulings remain in full force and effect.

4